UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
PATRICIA VESELY,

               Plaintiff,                                      20 Civ.

   -against-                                          COMPLAINT

METROPOLITAN TRANSPORTATION AUTHORITY
and LONG ISLAND RAILROAD COMPANY,

               Defendants.
------------------------------------------------------------------------------X

PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff, PATRICIA VESELY, by her attorneys, Flynn & Wietzke, PC, complains of the defendants and alleges:

## JURISDICTION

FIRST:   Jurisdiction of the Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332 and the Court's ancillary jurisdiction.

SECOND:   The amount in controversy exceeds the jurisdictional limits of this Court, exclusive of costs and interest.

THIRD:   Plaintiff Patricia Vesely is a resident of the State of Connecticut, residing in Fairfield County.

FOURTH:   Defendant METROPOLITAN TRANSPORTATION AUTHORITY (hereinafter referred to as "MTA") is a corporation with a principal place of business located at 2 Broadway, New York, New York 10004.

FIFTH:   Defendant LONG ISLAND RAILROAD COMPANY (hereinafter referred to as "LIRR") is a corporation with a principal place of business located at Jamaica Station, Jamaica, NY 11435.

SIXTH:   Defendants, MTA and LIRR, are public benefit corporations existing under the laws of the State of New York.

SEVENTH:   A Notice of Claim was served upon Defendant MTA on July 15, 2019.

EIGHTH: A Notice of Claim was served upon LIRR on July 12, 2019.

NINTH: Over thirty (30) days have elapsed since the plaintiff served the Notices of Claim upon the defendants and defendants have neglected or refused to make an adjustment or payment of plaintiff's claim.

### DEFENDANT METROPOLITAN TRANSPORTATION AUTHORITY

TENTH: On April 18, 2019, and at all relevant times, Defendant MTA owned the premises known as Hunterspoint Avenue Train Station, Queens, New York.

ELEVENTH: On April 18, 2019, and at all relevant times, Defendant MTA operated the premises known as Hunterspoint Avenue Train Station, Queens, New York.

TWELFTH: On April 18, 2019, and at all relevant times, Defendant MTA maintained the premises known as Hunterspoint Avenue Train Station, Queens, New York.

THIRTEENTH: On April 18, 2019, and at all relevant times, Defendant MTA controlled the premises known as Hunterspoint Avenue Train Station, Queens, New York.

FOURTEENTH: On April 18, 2019, and at all relevant times, Defendant MTA leased the premises known as Hunterspoint Avenue Train Station, Queens, New York.

### DEFENDANT LONG ISLAND RAILROAD COMPANY

FIFTEENTH: On April 18, 2019, and at all relevant times, Defendant LIRR owned the premises known as Hunterspoint Avenue Train Station, Queens, New York.

SIXTEENTH: On April 18, 2019, and at all relevant times, Defendant LIRR operated the premises known as Hunterspoint Avenue Train Station, Queens, New York.

SEVENTEENTH: On April 18, 2019, and at all relevant times, Defendant LIRR maintained the premises known as Hunterspoint Avenue Train Station, Queens, New York.

EIGHTEENTH: On April 18, 2019, and at all relevant times, Defendant LIRR controlled the premises known as Hunterspoint Avenue Train Station, Queens, New York.

NINETEENTH: On April 18, 2019, and at all relevant times, Defendant LIRR leased the premises known as Hunterspoint Avenue Train Station, Queens, New York.

TWENTIETH:     Defendant LIRR leases the premises known as Hunterspoint Avenue Train Station, Queens, New York.

**FACTS COMMON TO ALL CAUSES OF ACTION**

TWENTY-FIRST: At all times relevant, plaintiff PATRICIA VESELY was a pedestrian commuting on a LIRR train.

TWENTY-SECOND: On or about April 18, 2019, PATRICIA VESELY disembarked the LIRR train at Hunterspoint Avenue, Queens New York and proceeded to walk towards the exit of the platform.

TWENTY-THIRD:     On or about April 18, 2019, PATRICIA VESELY was caused to trip over a ramp/bridgeplate left on the station platform.

TWENTY-FOURTH: On or about April 18, 2019 PATRICIA VESELY sustained severe injuries including injuries to her forehead, both hands, left arm, left wrist, left elbow, left shoulder and neck.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST MTA**
(Negligence)

TWENTY-FIFTH:     Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

TWENTY-SIXTH:     On or about April 18, 2019 and at all times relevant, MTA, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff in failing to maintain the LIRR Hunterspoint Avenue train station; in allowing a dangerous condition along the train platform to exist and remain for an unreasonable amount of time;  in failing to properly store materials, including ramp or bridgeplate, on the station platform;  and in failing to warn of the presence of materials, including a ramp or bridgeplate, on the station platform; in failing to cordon off the area where the ramp or bridgeplate was stored.

TWENTY-SEVENTH:     PATRICIA VESELY'S injuries were caused solely by the negligence of MTA without any negligence on her part.

TWENTY-EIGHTH:  As a result of MTA's negligence, plaintiff PATRICIA VELSEY is entitled to an award of at least ONE MILLION DOLLARS ($1,000,000).

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST LIRR
(Negligence)

TWENTY-NINTH:   Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

THIRTIETH:   On or about April 18, 2019 and at all times relevant, LIRR, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff in failing to maintain the LIRR Hunterspoint Avenue train station; in allowing a dangerous condition along the train platform to exist and remain for an unreasonable amount of time; in failing to properly store materials, including ramp or bridgeplate, on the station platform; and in failing to warn of the presence of materials, including a ramp or bridgeplate, on the station platform; in failing to cordon off the area where the ramp or bridgeplate was stored.

THIRTY-FIRST:   PATRICIA VESELY'S injuries were caused solely by the negligence of LIRR without any negligence on her part.

THIRTY-SECOND:   As a result of the LIRR's negligence, plaintiff PATRICIA VELSEY is entitled to an award in excess of $100,000.00.

## AD DAMNUM

WHEREFORE, plaintiff demands judgment in the First Cause of Action against the defendant MTA in a sum in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; and plaintiff demands judgment in the Second Cause of Action against the defendant LIRR in a sum in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS;

Flynn & Wietzke, PC
Attorneys for Plaintiff
1205 Franklin Avenue
Garden City, NY 11530
(516) 877-1234

By: _____
MARC WIETZKE