# FLYNN & WIETZKE, P.C.

1205 Franklin Avenue, Suite 370
Garden City, N.Y. 11530
Tel: (516) 877-1234   Fax: (516) 877-1177

Marc Wietzke, Esq.
Admitted in NY & NJ
_____

Sean Constable, Esq.
Admitted in NY & MA
_____

Michael Flynn, Esq., Of Counsel

> Defendant shall respond by January 6, 2021. The Court will thereafter either rule or direct the parties to appear at a conference and the court will, if appropriate, extend discovery beyond January 15 for the limited purpose of this 30(b)(6) depositions. The parties are urged to compromise their differences in view of the scope of discovery in a federal civil action.
>
> SO ORDERED.
> Dated: 12/22/2020
>
> P. Kevin Castel
> United States District Judge

Judge P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

December 21, 2020

RE: PATRICIA VESELY V. MTA & LONG ISLAND RAILROAD COMPANY
     20 Civ. 2725 (PKC)(KHP)

Dear Judge Castel:

We are plaintiff's counsel in the above-referenced case and we are writing to respectfully request a conference pursuant to Local Rule 37.2 and Your Honor's Individual Rules. At issue, is defendants' objections to the scope of plaintiff's items for her Notice for 30(b)(6) Deposition.

This is an action for personal injuries sustained by plaintiff on April 18, 2019 when she tripped and fell at defendants' LIRR Hunterspoint Avenue Station. In particular, plaintiff tripped and fell on a bridge plate which was stored behind a trash receptacle on defendants' train platform. In both her Notice of Claim and Complaint, plaintiff alleged that defendants were negligent as follows:

> in failing to maintain the LIRR Hunterspoint Avenue train station; in allowing a dangerous condition along the train platform to exist and remain for an unreasonable amount of time; in failing to properly store materials, including ramp or bridgeplate, on the station platform; and in failing to warn of the presence of materials, including a ramp or bridgeplate, on the station platform; in failing to cordon off the area where the ramp or bridgeplate was stored.

In accordance with the newly revised Fed. R. Civ. Pro. 30(b)(6), plaintiff emailed defense counsel on December 11, 2020 to confer in good faith regarding the scope of the matters for examination. Our office wrote as follows:

Bill,

In accordance with the revised FRCP 30(b)(6), we are notifying you that we will be issuing Notice for a 30(b)(6) witness in the above case. The schedule of issues for the witness is as follows:

1. Storage of bridge plates on Long Island Railroad platforms.

2. Storage of materials on Long Island Railroad platforms

3. Placement of trash receptacles on Long Island Railroad station platforms

4. Control of pedestrian traffic on Long Island Railroad platforms

5. Manners or technique to control pedestrian traffic on Long Island Railroad platforms

6. Pedestrian safety on Long Island Railroad platforms

7. Crowd control on Long Island Railroad platforms

8. Long Island Railroad rules, policies, or procedures concerning storage or placement of temporary materials on platforms.

If you wish to discuss the subjects or have any questions, please respond by Monday December 14, 2020 so that we may notice the deposition within the discovery deadline.

On December 11, 2020, defendants responded as follows:

> With respect to the schedule of issues set forth in your 12/11 email, since plaintiff, at her PAL hearing on 8/29/19 attributed her alleged accident specifically to stumbling over a bridgeplate located under the stairway (see Exhibit A dated 8/29/19), identified by her as a "yellow black" object, your schedule is rejected, other than #1.

In a further effort of good faith to resolve defendants' objections, on December 14, 2020, our office wrote defense counsel and indicated that the subject matter of the proposed 30(b)(6) notice all related to plaintiff's theories of liability as listed in her Notice of Claim and Complaint. We asked defendants to reconsider their objections. On December 16, 2020, Defendants responded as follows:

> As to your 30(b)(6) notice, since neither plaintiff's notice of claim nor complaint alleges a claim concerning trash receptacles, crowding or materials on platform (except for bridgeplate to which we do not object), we consider your notice deficient.

As defendants continue to object to the scope of plaintiff's proposed 30(b)(6) deposition, we have no choice but to contact the Court for assistance, especially in light of the impending January 15, 2021 fact discovery deadline.

Plaintiff certifies pursuant to Fed. R. Civ. Pro. 37(a)(1) that she has conferred with defense counsel and has attempted in good faith to resolve this issue prior to contacting the Court for assistance.

                                                    Respectfully submitted,

                                                    Sean Constable

SC:EF
cc:  William Blumenschein, Esq.