# KREZ & FLORES, LLP
### COUNSELLORS AT LAW
225 BROADWAY, SUITE 2800
NEW YORK, NEW YORK 10007-3001
Phone (212) 266-0400
Fax (212) 724-0011
E-mail: Mail@KrezFlores.com

Paul A. Krez
Edward A. Flores
Gregory Wilson
Joseph M. Hiraoka, Jr.
William J. Blumenschein ◊
N. Jeffrey Brown ∆
Virginia Gillikin
Mark A. Taustine
Larisa Girsh †
Karla R. Alston

Karen S. Drotzer
Jonathan D. Goldsmith †

† Admitted in NY & NJ
∆ Admitted in NY, NJ & OH
◊ Admitted in NY & VT

*[Handwritten annotation: Plaintiff may proceed with the Rule 30(b)(6) deposition as to Items 1, 2 and 8. Letter motion (Doc 16) is Terminated. SO ORDERED [signature] USDJ 1-6-21]*

January 4, 2021

Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York

Re: Patricia Vesely v. Metropolitan Transportation
Authority and Long Island Rail Road Co.
20CV2725(PKC)

Honorable Sir:

This office represents the defendants in the captioned matter.

We write in response to the plaintiff's letter to the Court dated December 21, 2020.

In this case, the only claim that plaintiff has made is that she tripped and fell over a bridgeplate stored and located on the platform at the Hunterspoint Avenue station of the LIRR (a bridgeplate is a small steel ramp used to bridge the gap between a train car door and the platform edge which can, for instance, assist someone in a wheelchair getting on or off a train).

Plaintiff's Rule 30b6 notice set forth issues for the witness concerning the placement of trash receptacles, commuter crowd control and storage of materials on Long Island Rail Road platforms, not just Hunterspoint. Defendants objected to the items except for issues concerning bridgeplates. In support of defendants' objections, plaintiff was advised that her Notice of Claim, her Complaint and her Public Authorities Law examination testimony never mentioned or referred to any issues concerning trash receptacles, crowd control or materials storage at LIRR stations that may have been a factor in the occurrence of her accident. The only claim plaintiff made was in reference to the bridgeplate she fell over.

It should be pointed out that plaintiff has previously noticed the depositions of the LIRR station manager for Hunterspoint Avenue

**Patricia Vesely v. Metropolitan Transportation Authority and Long Island Rail Road Co.**
January 4, 2021
Page 2

and the station cleaner who was on duty on the date of plaintiff's accident. Defendants agreed to produce those two witnesses who may very well provide sufficient testimony for plaintiff to further prosecute her case.

    Accordingly, with all due respect, defendants submit that plaintiff's request for Court assistance is without merit and should be denied by the Court.

                                          Sincerely yours,

                                          **KREZ & FLORES, LLP**

WJB/kf                               **WILLIAM BLUMENSCHEIN**
cc:  Flynn & Weitzke
     1205 Franklin Avenue
     Garden City, New York
     Attn: Sean Constable, Esq.